UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KAMLA HOTELS, INC., DBA GLORIETTA BAY INN CORONADO ISLAND,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-cv-02212-AJB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, (Doc. No. 8 ); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY, (Doc. No. 18)** |

　　　　Presently before the Court are: (1) Defendant Kamla Hotels, Inc.'s ("Defendant") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), (Doc. No. 8); and (2) Plaintiff Strojnik's ("Plaintiff") motion to strike notice of supplemental authority, (Doc. No. 18). For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss, and **DENIES** Plaintiff's motion to strike.

**I.　BACKGROUND**

　　　　Plaintiff "has filed thousands of disability discrimination cases against hotel defendants in state and federal courts," *Strojnik v. Bakersfield Convention Hotel*, 436 F.

1

Supp. 3d 1332, 1336 (E.D. Cal. 2020), and based on those filings, has been declared a vexatious litigant in at least the United States District Court for the Northern District of California, *see Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *6–13 (N.D. Cal. June 1, 2020), and the United States District Court for the Central District of California. *See Strojnik v. SCG Am. Constr. Inc.*, No. SACV191560JVSJDE, 2020 WL 4258814, at *8 (C.D. Cal. Apr. 19, 2020).

Additionally, Plaintiff is a disabled veteran who suffers from severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer. (First Amended Complaint ("FAC"), Doc. No. 6, ¶ 1–2.) He also has a prosthetic right knee. (*Id*. ¶ 3.) A resident of Maricopa County, Arizona, Plaintiff is retired and travels extensively for recreation, pleasure, and ADA testing. (*Id.*) Defendant owns, operates leases, or leases to a lodging business, a hotel located at 1630 Glorietta Blvd., Coronado, CA 92118 ("Hotel"). (*Id*. ¶ 7.) Plaintiff maintains he visited the "Coronado area" on June 25 and 26, 2019.[1] (*Id*. ¶ 17.) Plaintiff alleges he is deterred from visiting the Hotel based on his knowledge that the Hotel is not ADA or State Law compliant for his disability. (*Id*. ¶ 13.) He intends to visit Defendant's Hotel at a specific time when the Defendant's Hotel becomes fully ADA compliant. (*Id*. ¶ 14.) In his FAC, Plaintiff asserts four claims for violations of (1) the American with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (2) the California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh Act"), (3) the California Disabled Persons Act, California Civil Code §§ 54.54.3 ("DPA"), and (4) a negligence claim. (*Id*. ¶ 15–41.)

On March 17, 2020, Defendant filed a motion to dismiss all claims with prejudice and without leave to amend pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. No. 8.) Defendant also asks the Court to issue an OSC re Sanctions because Plaintiff

---

[1] In Plaintiff's response to Defendant's motion to dismiss, Plaintiff does not mention his June 25 and 26, 2019 visit to the Coronado area, but rather, maintains he visited the Hotel on July 26-27, 2019, and personally encountered sixteen barriers to accessibility. (Doc. No. 12 at 1.)

2

is a vexatious litigant. (Doc. No. 8-1 at 4.) Defendant also submitted several notices of supplemental authorities, showing various orders from different courts dismissing nearly identical claims brought by Plaintiff. (Doc. Nos. 15, 19, 20–22.) Plaintiff asks the Court to strike Defendant's notice of supplemental authorities. (Doc. Nos. 18, 12.)

## II.   LEGAL STANDARD

A defendant may seek to dismiss a complaint based on lack of standing under Federal Rule of Civil Procedure 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) jurisdictional attack can be either facial or factual. *Id.* In a facial attack, the defendant asserts that legal allegations are insufficient on their face to invoke federal jurisdiction. *See Safe Air For Everyone v. Meyer*, 373 F.3 1035, 1039 (9th Cir. 2004). In a factual attack, the district court may review extrinsic evidence beyond the complaint. *See White*, 227 F.3d at 1242. In addition, the court need not presume the truthfulness of the plaintiff's allegations. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3 at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

Furthermore, a defendant may seek to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A complaint generally must satisfy the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. *See A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). While a complaint need not contain detailed factual allegations, the grounds of entitlement requires more than legal conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555). The complaint should provide enough facts as to raise a reasonable expectation that discovery will reveal evidence. *See Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citing *5 C. Wright & A. Miller*, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

## III.   DISCUSSION

### A.   Defendant's Motion to Dismiss Under Rule 12(b)(1) For Lack of Standing

Title III of the ADA prohibits discrimination on the basis of disability in "any place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, when a disabled person encounters an accessibility barrier, for standing purposes, the barrier need not entirely preclude the plaintiff from entering or using the facility. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). The barrier need only interfere with the plaintiff's "full and equal enjoyment" of the facility. *Id.* A plaintiff invoking federal jurisdiction bears the burden of proof. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To satisfy Article III standing, a plaintiff must prove three elements: (1) an "injury-in-fact;" (2) the injury is traceable to the defendant's actions; and (3) the injury is "likely" not merely "speculative" and will be redressed by a favorable judicial decision. *Id.* at 560–61. An ADA plaintiff can establish standing in two ways: by either (demonstrating (1) an injury-in-fact alongside an intent to return to a noncompliant facility; or (2) by demonstrating deterrence. *See Chapman*, 631 F.3d at 944.

#### 1.   **Injury-in-Fact and Intent to Return**

##### a)   **Injury-in-Fact**

As his injury-in-fact, Plaintiff alleges he was deprived of ADA-compliant lodging "applicable to his mobility, both ambulatory and wheelchair assisted." (FAC ¶ 16.) The Hotel, Plaintiff argues, failed to provide ADA-compliant lodging. Defendant counters Plaintiff's disability is not clear. (Doc. No. 8-1 at 14.) Defendant argues that although Plaintiff lists medical problems, he does not claim to use a wheelchair, and his photographs with vague captions such as "inaccessible counter" and "improper threshold" do not detail

4

how Plaintiff is impeded from accessing Hotel areas due to his specific disability. (*Id.* at 12.) Defendant also factually attacks Plaintiff's allegations, providing website links to ABC 15 News where Plaintiff is able to walk without assistance. (*Id.* at 15–16.)

An injury-in-fact must be (a) concrete and particularized; and (b) "actual or imminent," not "conjectural" or "hypothetical." *Lujan,* 504 U.S. at 560. Barriers encountered must relate to Plaintiff's specific disability. *See Chapman,* 631 F.3d at 947. A plaintiff lacks standing when the barrier has not personally injured him. *See Doran v. 7-Eleven, Inc.,* 524 F.3d 1024, 1044 n.7 (holding that plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store.").

Plaintiff fails to allege an injury-in-fact because he does not explain which accessibility features are required to accommodate his disability. First, Defendant mounts a factual attack on Plaintiff's purported standing, pointing out it is not clear what Plaintiff's disability is in the first instance. Defendant points to an ABC 15 news report showing Plaintiff walking along a sidewalk with a briefcase over his shoulder, and also standing unassisted in a courtroom.[2] (*Id.* at 15–16.) Defendant argues these video clips are inconsistent with Plaintiff's claim that he suffers from ambulatory hindrances and wheelchair needs. (*Id.*) Plaintiff does not put forth his own evidence to dispute Defendant's

---

[2] Defendant cites three website links. (Doc. No. 8-1 at 15–16.) The two ABC 15 website links, although different news stories, provide identical clips of Plaintiff walking along a sidewalk, carrying a shoulder bag. The third link to a "YouTube" video has a caption, which names a person at a hotel as Peter Strojnik. The YouTube clip shows the person standing at the front desk of the hotel. The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As to the YouTube video, the Court notes that there are reasons to question the accuracy of the source, particularly, the identification of Plaintiff. As such, the Court declines to take judicial notice of the YouTube video. As for the two ABC News website links, the Court will take judicial notice of the existence of these articles. *See 2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No. 16-cv-1304-JVS-DFM, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of thirty-four online news articles and social media posts "solely for their existence and content, and not for the truth of any statements in the documents.").

allegations. *See Safe Air for Everyone*, 373 F.3 at 1039 ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

However, the Court need not reach the factual challenge to find a lack of an injury-in-fact because Defendant's facial attack to standing also prevails. Specifically, the FAC lacks any detail demonstrating an injury-in-fact. The photographs Plaintiff offers in his FAC contain vague and generic captions that include no information about how the depicted features violate the ADA or pose a barrier to him based on his disabilities. *See Chapman,* 631 F.3d at 947 n.4 ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). For example, Plaintiff alleges that the Hotel has an "inaccessible check in counter" and "[n]o signage to accessible route" but does not explain how those features relates to his own disability or how these barriers personally injured him. (FAC ¶ 18.) Plaintiff includes a chart titled "Relation Between Plaintiff's ADA Disability and Major Life Activities," which provides line items of his physical ailments. The chart purports to detail what bodily functions are impaired. (FAC ¶ 2.) Although Plaintiff asserts the graph relates to barriers to Plaintiff's mobility and ADA violations, he does not describe a causal connection between his disability and the conduct of Defendant. (*Id.* ¶ 3–4.)

Accordingly, the Court concludes that Plaintiff has not sufficiently alleged an injury-in-fact.

### b) Intent to Return

Because Plaintiff has not adequately pleaded an injury-in-fact, the Court need not address whether he has sufficiently alleged an intent to return to the Hotel. *See Chapman*, 631 F.3d at 944 (holding that an ADA plaintiff may establish standing with respect to actual encounters by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility"); *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR,

2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020).

### 2. Deterrence

Alternatively, to establish an actual encounter with a barrier, an ADA plaintiff may establish standing by pleading that he is deterred from visiting the facility. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002). However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("CREEC"). A plaintiff's assertions cannot merely be hypothetical. *See Vogel v. Salazar*, No. SACV 14-00853-CJC, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). Instead, the court "must engage in a fact-intensive inquiry to determine whether the plaintiff is truly deterred and would return to the establishment if the establishment were compliant with the ADA." *Id.*

Plaintiff is retired and spends his time traveling for recreation and also ADA testing. (FAC ¶ 4.) Plaintiff asserts he is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as it relates to Plaintiff's disability. (*Id.*) But Plaintiff does not explain why his disability deters him from visiting the Hotel. He has not adequately shown how any feature of the Hotel is non-compliant with ADA or how it relates to his disability. *See Strojnik v. Hotel Circle Gl Holdings, LLC*, No. 119CV01194DADEPG, 2020 WL 4339984, at *5 (E.D. Cal. July 28, 2020); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW-JEMx, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019). Plaintiff fails to show he has suffered an "actual injury" because the photographs and accompanying captions in the FAC are only conclusory statements. Plaintiff has alleged no facts to support his threadbare legal conclusion that he would return to the Hotel if it were brought into compliance. He also does not relate his disabilities to the alleged offending barriers and fails to show what specific barriers would deter him from returning to the hotel. Instead, based on his current pleading, his deterrence assertion is merely hypothetical.

The Court holds Plaintiff lacks standing to bring his ADA claim. Accordingly, to the

7

extent Defendant seeks dismissal based on Rule 12(b)(1) for lack of subject matter jurisdiction, Defendant's motion is **GRANTED**, and Plaintiff's ADA claim is **DISMISSED**.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim and Related State Law Claims

Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c). The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness, and comity. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996). A district court "may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).

The Court finds that this case presents "exceptional circumstances" and that "there are compelling reasons," primarily based on comity, for declining jurisdiction over Plaintiff's Unruh Act and related state law claims. *See* 28 U.S.C. § 1367(c)(4). The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101–3361) shall also constitute a violation of this section." Cal. Civ. Code § 51(f). "A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the Act."

*Earll v. eBay, Inc.*, 5:11–cv–00262, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 (2009)).

      The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim because to do so would permit an end-around to California's heightened pleading standards requiring disability access plaintiffs to verify their complaints in state court. Thus, the Court declines to exercise supplemental jurisdiction out of deference to California's heightened pleading requirements for disability lawsuits, and in the interest of comity, as California courts should interpret the state's disability laws. Indeed, the Court will join other California district courts that have identified these factors as a "compelling reason" to decline to exercise supplemental jurisdiction over disability claims arising under the Unruh Act. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030–31 (S.D. Cal. 2017) ("[A]s a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim."); *Molski v. Hitching Post I Restaurant*, Inc., No. 04-cv-1077-SVWRNBX, 2005 WL 3952248 at *9 (C.D. Cal. May 25, 2005) ("Because the California courts should be given an opportunity to interpret California's disability laws, because the calculated effort to avoid having California courts decide issues of California law is to be discouraged, and because the parties themselves are entitled to a surer-footed interpretation of California's disability laws, the Court finds that compelling reasons exist to decline supplemental jurisdiction over [Plaintiff's] state law claims.").

      Furthermore, state law issues will predominate over ADA claim issues if the state law claims were permitted to proceed. If the Court exercises supplemental jurisdiction over the Unruh Act claim, Defendants' intent and monetary damages would be extraneous issues that would have to be litigated, and yet, not relevant to the federal claim. As such, given these additional elements necessary for an Unruh Act claim, the Court will decline to exercise jurisdiction over the state law claims. *See Feezor v. Tesstab Operations Grp., Inc.*, 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over

the ADA for purposes of 28 U.S.C. § 1367(c)(2).").

As the Court has dismissed Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are **DISMISSED WITHOUT PREJUDICE**.

### C. Leave to Amend Will be Granted

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1108 (9th Cir. 2003) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). The Court will provide one final attempt for Plaintiff to cure the deficiencies in his Complaint. The Court notes many other district courts have dismissed similar complaints of the Plaintiff as the one before this Court. Some courts have given Plaintiff leave to amend, while others have not. *See Bakersfield Convention Hotel I, LLC,* 436 F. Supp. 3d at 1344–45; *Hotel Circle Gl Holdings, LLC*, 2020 WL 4339984, at *1 (E.D. Cal. July 28, 2020). At least one court has warned Plaintiff he may be subject to sanctions, including Federal Rule of Civil Procedure 11 if he re-asserts claims that have no basis in law or fact. *See Strojnik v. Bakersfield Convention Hotel I, LLC,* 436 F. Supp. 3d at 1344. While the Court declines Defendant's request to issue an OSC re Sanctions at this time, this Court gives Plaintiff the same admonition that he may not re-asserts claims that have no basis in law or fact. Any repeated effort to do that in this case will lead to sanctions.

### D. Plaintiff's Motion to Strike

Plaintiff also seeks for the Court to strike Defendant's notice of supplemental authority, apprising the Court of an order in another ADA case filed by Plaintiff in the United States District Court for the Central District of California. *See Strojnik v. SCG American Construction, Inc.*, Case No. 19-1560 JVS (JDE) (C.D. Cal. April 19, 2020). In that case, the Court dismissed Plaintiff's FAC, declared Plaintiff a vexatious litigant, and subjected him to a pre-filing order in the Central District of California. Plaintiff asks the Court to strike the notice, arguing that notices are generally discouraged unless they

disclose a change in binding intervening law. The Court sees no reason to strike Defendant's notice, and so, **DENIES** Plaintiff's motion to strike.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. (Doc. No. 8.) The Court declines to exercise supplemental jurisdiction over Plaintiff's claims under the Unruh Act, California's Disabled Persons Act, and Plaintiff's negligence claim. These claims are hereby **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. The Court retains jurisdiction over Plaintiff's ADA claim. As to the ADA claim, Plaintiff's claim is **DISMISSED WITH LEAVE TO AMEND.** If Plaintiff so desires, he may file a Second Amended Complaint curing the deficiencies noted herein within **21 days** of this order. Furthermore, the Court finds no reason to strike Defendant's supplemental authority, and as such, the Court **DENIES** Plaintiff's motion to strike. (Doc. No. 18.)

**IT IS SO ORDERED**.

Dated: January 8, 2021

Hon. Anthony J. Battaglia
United States District Judge