UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                      Plaintiff,<br><br>v.<br><br>KAMLA HOTELS, INC., DBA GLORIETTA BAY INN CORONADO ISLAND,<br>                      Defendant. | Case No.: 19-cv-02212-AJB-AHG<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR COSTS BOND**<br><br>**(Doc. No. 26)** |

This case is a matter under the Americans with Disabilities Act ("ADA"). Presently before the Court is Defendant Kamla Hotels, Inc.'s ("Defendant") motion to require Plaintiff Peter Strojnik ("Strojnik") to post a costs bond. (Doc. No. 26.) Defendant asks that Strojnik be required to post a $75,000 bond to cover anticipated costs and reasonable attorneys' fees likely to be incurred in the defense of this action. (*See* Doc. No. 26-1 at 5.) Strojnik filed an opposition to Defendant's motion, and Defendant replied. (Doc. Nos. 29–30.) Having considered the parties' submissions and the relevant law, Defendant's motion is **GRANTED IN PART**.

**I.      DISCUSSION**

     **A.      California Code of Civil Procedure § 1030**

Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts "have inherent power to require plaintiffs to post security for costs." *Simulnet*

*E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "'Typically, federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.'" *Id.* (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671). California requires a court to order a security bond when a defendant shows that: (1) the plaintiff resides out of state; and (2) there is a "reasonable possibility" that the defendant will prevail on the merits. *See* Cal. Code Civ. Proc. § 1030(a)-(c). Both elements will be addressed below.

Pursuant to California Code of Civil Procedure § 1030, it is appropriate to require Strojnik to post a bond for costs and attorneys' fees anticipated to be incurred. As to the first element under California Code of Civil Procedure § 1030, Strojnik does not dispute that he is an out-of-state plaintiff, residing in the state of Arizona. (*See* Second Amended Complaint ("SAC"), Doc. No. 25, ¶ 3 ("Plaintiff is a single man currently residing in Maricopa County, Arizona.")). "The purpose of the statute is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'" *Alshafie v. Lallande,* 171 Cal. App. 4th 421, 428 (2009) (quoting *Yao v. Superior Court*, 104 Cal. App. 4th 327, 331 (2002)). It further serves the purpose of preventing "out-of-state residents from filing frivolous lawsuits against California residents." *Id.* Defendant also points out that Strojnik has left a "trail of unpaid liens, sanctions, and judgments" in both Arizona, and now California. (Doc. No. 26-1 at 19.) Strojnik does not challenge this assertion. Thus, this factor weighs in favor of imposing a bond requirement.

A bond is also appropriate under the second element of California Code of Civil Procedure § 1030. A court can find that there is a "reasonable possibility" that the defendant will prevail on the merits if a plaintiff's ADA claim is "frivolous, unreasonable, or without foundation". *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (fees and costs can be awarded under the ADA only if the plaintiff's claims were "frivolous, unreasonable, or without foundation"). Here, there is a "reasonable possibility" that

Defendant will prevail on the merits for at least two reasons.

First, the Court has already ruled, in connection with Defendant's motion to dismiss the First Amended Complaint, that Strojnik failed to allege Article III standing by failing to allege an injury-in-fact and deterrence. And, although leave to amend was given to Strojnik, the Court has a reasonable basis to question the likelihood of success of Strojnik's claims. Specifically, Strojnik has also repeatedly failed to make such a showing of standing in several other California federal courts, as affirmed by the Ninth Circuit. *See, e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal without leave to amend for failure to allege standing); *Strojnik v. Orangewood LLC*, 829 F. App'x 783 (9th Cir. 2020) (same); *Strojnik v. Four Sisters Inns, Inc.*, No. 219CV02991ODWJEMX, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019) (same); *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *6 (N.D. Cal. June 1, 2020) (collecting cases).

Second, Strojnik has already been declared a vexatious litigant by the United States District Courts for the Northern and Central Districts of California because of his unreasonable and frivolous conduct in ADA cases. *See IA Lodging Napa First LLC*, 2020 WL 2838814, *13 ("Strojnik's litigation tactics are frivolous and harassing."); *Strojnik v. SCG Am. Construction Inc.*, 2020 WL 4258814, *7–8 (C.D. Cal. 2020) (finding, in the course of making a vexatious-litigant finding, that "Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known," that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims," and that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders"); *Strojnik v. Forest Villas Inn II LLC*, No. CV-20-08328-PCT-DWL, 2021 WL 2138797, at *1 (D. Ariz. May 26, 2021) ("Over the last decade, Plaintiff Peter Strojnik ('Strojnik') has been personally responsible for the filing of hundreds, if not thousands, of meritless lawsuits. In general, these 'cookie-cutter lawsuits' with inadequate allegations have involved the assertion of claims under the Americans with Disabilities Act ('ADA')

3

against small businesses.").

In particular, in *Strojnik v. IA Lodging Napa First*, the court made extensive findings about Strojnik's litigation tactics, concluding that "courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's particular disabilities" and highlighting "Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies." 2020 WL 2838814, at *11. The court also found that "Strojnik's pleading practices waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." *Id.* at *12 (internal quotation marks and alterations omitted). In light of the foregoing, there is a reasonable possibility that Defendant will prevail on the merits of this action.

In sum, Defendant has satisfied both elements of California Code of Civil Procedure § 1030, and has shown that a bond is appropriate because: (1) Strojnik is an out-of-state litigant, and (2) there is a reasonable possibility that Defendant will prevail on the merits.

### B.     Other *Simulnet* Factors

In determining whether to order the posting of a bond, federal courts may also consider additional factors such as: "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet*, 37 F.3d at 573 (citations omitted). The Court will address all three factors below.

For the first factor, as stated above, Defendant has shown a reasonable probability of success in this matter given that an overwhelming number of district courts have dismissed Strojnik's ADA claims based on substantially similar complaints. (Doc. No. 26-1 at 8 n.1 (collecting cases).) In considering the background and purpose of the present suit, it is not lost upon the Court that Strojnik has been declared a vexatious litigant in both

the Northern and Central Districts of California.

Secondly, looking to the reasonable extent of the bond to be posted from Defendant's perspective, Defendant requests that the Court require Strojnik to post a $75,000 bond. In support of this bond amount, Defendant offers the declaration of its attorney, Philip H. Stillman. (Doc. No. 26-2.) Mr. Stillman estimates he will expend at least $33,100 in costs on this litigation and will likely incur $114,600 in attorney's fees if required to litigate this case through trial. (*Id.* ¶¶ 17, 26.) Mr. Stillman also asserts that he has already expended 35 hours of time, or $17,500, in preparing two motions to dismiss in this case. (*Id.* ¶ 26.) Although Mr. Stillman requests a bond of $75,000, the Court notes that federal courts in California have awarded more modest fees and costs in similar cases brought by Strojnik. *See, e.g.*, *Strojnik v. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2021 WL 120899, at *5 (S.D. Cal. Jan. 13, 2021) (awarding the defendant $21,995 in attorney's fees); In light of this case law and the Stillman declaration, the Court finds a bond of $20,000 appropriate here.

Third, as to the reasonable extent of the security to be posted, viewed from Strojnik's perspective, Defendant persuasively points out that Strojnik has the financial ability to post bond. First, Defendant highlights that Strojnik admitted in prior litigation that he has received $249,079 in 117 ADA settlements in California federal courts as of March 2020. *See IA Lodging Napa First LLC*, 2020 WL 2838814, at *7 ("The spreadsheet lists the estimated costs he expends for each lawsuit and reports that the gross total amount he has received in settlement is $249,079."). Likewise, in another case out of the District of Arizona, a court ordered Strojnik to provide an estimate of the amount of settlements Strojnik has received in Arizona courts in 2020. The court calculated that Strojnik "has settled thirteen cases, which would amount to just over $100,000. Even if the Court accepted Mr. Strojnik's claimed 'initial expenses' beyond fees and service costs as legitimate, he would still be making about $75,000." *Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *8 (D. Ariz. Jan. 6, 2021).

Second, Defendant asserts that Strojnik has admitted in prior cases that he donated

5

$1.2 million "of his ADA fees to a 501(c)(3) organization for the disabled." (*Strojnik v. IA Lodging Napa First LLC*, Case No.: 4:19-cv-03983-DMR, Doc. No. 56 at 3 (N.D. Cal. Mar. 21, 2020).) Additionally, Defendant argues that Strojnik appears to reside in a house with an estimated value of $1.6 million dollars. (Doc. No. 26-1 at 19–20.) In response to Defendant's evidence, Strojnik does not substantially dispute these allegations, and only vaguely states that he is "subject to a publicly recorded 2013 divorce lien and that there is no way he can post a bond in any amount." (Doc. No. 29 at 2.)

Based on all the evidence submitted, the Court is not convinced that a bond would be unreasonable. Strojnik has failed to put forth competent evidence to demonstrate his inability to post a bond. As such, the Court finds a bond appropriate under these facts, and joins other district courts that have found the posting of a bond appropriate in cases brought by Strojnik. *See e.g.*, *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *11 (D. Ariz. Jan. 6, 2021), order amended on reconsideration, No. CV-20-01532-PHX-DJH, 2021 WL 2454049 (D. Ariz. June 16, 2021) ("Therefore, the Court must increase Mr. Strojnik's cost of filing frivolous ADA cases by requiring that he post a bond for ADA cases that come before this Court.").

## II.   CONCLUSION

For all the reasons stated, Defendant's motion to require Strojnik to post a costs bond is **GRANTED IN PART**. (Doc. No. 26.) Strojnik must post a $20,000 bond by **August 13, 2021**. The parties are to notify the Court, by **August 13, 2021**, of whether a bond has been timely posted. Failure to timely post bond by will result in dismissal of Strojnik's case. In the event a bond is posted, Defendant is **ORDERED** to respond to the SAC within **14 days** of the posting of bond.

IT IS SO ORDERED.

Dated:  July 30, 2021

Hon. Anthony J. Battaglia
United States District Judge